IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JAMES K. MALLETT, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 05-0316-S-EJL |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| JEFF CONWAY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This habeas corpus matter has been reassigned from United States Magistrate Judge Mikel H. Williams to the undersigned.  Currently before the Court is Respondent's Motion for Summary Dismissal.  Petitioner has failed to respond to the Motion, and the deadline for filing a response has long since passed.  The Court will therefore resolve the matter on the basis of Respondent's briefing and the state court record.  For the reasons that follow, the Motion will be granted, and this case will be dismissed.

## I.

## BACKGROUND

Petitioner was convicted after a jury trial in state district court of one count of trafficking in methamphetamine and one count of possession of marijuana.  He was sentenced to ten years in prison for the methamphetamine conviction, with the first four years fixed, and one concurrent year in prison for the marijuana conviction.  His direct appeal and subsequent post-conviction action were unsuccessful.

**Memorandum Decision and Order - 1**

In this proceeding, Petitioner contends that (1) police officers testified falsely at his trial, in violation of his right to due process of law, (2) his constitutional right to a speedy trial was violated, and (3) his counsel was constitutionally ineffective. Respondent argues that Petitioner did not fairly present any of these claims to the Idaho Supreme Court, and the time to do so has expired, resulting in a procedural default. After reviewing the state court record, this Court agrees.

## II.

## STANDARD OF LAW

A habeas petitioner must first exhaust his state court remedies before a federal court can grant relief on a constitutional claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust a claim properly, the petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). In Idaho, this means that the claim must have at least been presented in a petition for review in the Idaho Supreme Court.

The failure to present a constitutional claim in state court will result in a procedural default if the petitioner would be barred from raising the claim under the state's procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A procedurally defaulted claim will not be considered unless the petitioner can establish cause for the default and actual prejudice, or he can show a fundamental miscarriage of justice in his

**Memorandum Decision and Order - 2**

case, which means that he is actually innocent.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## III.

## DISCUSSION

The single claim that Petitioner raised during his direct appeal in state court was that the trial court abused its discretion under state law by imposing an excessive sentence.  *State's Lodging B-1*.  The Idaho Court of Appeals rejected that argument, and although Petitioner sought review over the decision in the Idaho Supreme Court, he did not press any federal constitutional claims at that time.  *State's Lodging B-1, B-5*.

During the state post-conviction proceeding, Petitioner did raise claims in the district court and the Idaho Court of Appeals similar to those presented here, but he did not file a Petition for Review in the Idaho Supreme Court.  *State's Lodging D-1, D-4*. The failure to follow this necessary step to invoke discretionary review means that Petitioner did not fairly present his claims to the highest state court.  *See Boerckel*, 526 U.S. at 845.  Because any attempt to do so now would be dismissed as untimely, Petitioner's habeas claims are procedurally defaulted.

Petitioner has not attempted to show cause and prejudice, or a fundamental miscarriage of justice, and the Court has independently reviewed the record and found no reason to relieve Petitioner of his default.  Accordingly, Respondent's Motion for Summary Dismissal shall be granted.

**Memorandum Decision and Order - 3**

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 7) is GRANTED.  The Petition for Writ of Habeas Corpus shall be dismissed with prejudice.

DATED:  **July 25, 2006**

Honorable Edward J. Lodge
U. S. District Judge

**Memorandum Decision and Order - 4**